IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:21CR92** |
| v. | |
| DYLAN MCKEOWN, | **ORDER** |
| Defendant. | |

This matter is before the Court on defendant Dylan McKeown's ("McKeown") Motion to Suppress (Filing No. 18) "any evidence or statements derived from the detention, arrest and search of the Defendant on February 1, 2021." McKeown was arrested after the vehicle he was traveling in was stopped for a suspected traffic violation. He argues the stop, search, and arrest violated his constitutional rights because the arresting officers lacked probable cause for the traffic stop.

After an evidentiary hearing at which both McKeown and one of the officers testified, the magistrate judge[1] issued a thorough Findings and Recommendation (Filing No. 37) recommending McKeown's motion be denied. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b). Faced with conflicting testimony from McKeown and the officer regarding the circumstances of the stop, the magistrate judge concluded McKeown's testimony was (1) "entirely self-serving and not credible" and (2) inconsistent with the other evidence presented at the hearing, including a probative—though not conclusive—video of the stop. In contrast, the magistrate judge found the officer's testimony "wholly credible as it [wa]s consistent with the other evidence of record." Based on that evidence, the magistrate judge concluded the officers had "probable cause for the traffic stop."

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

McKeown timely filed a general objection (Filing No. 38) to the Findings and Recommendation, presenting the same arguments (verbatim) he raised in his brief in support of his motion to suppress. The government promptly responded (Filing No. 39).

The Court is troubled that McKeown's objection fails to comply with Nebraska Criminal Rule 59.2(a), which requires the objecting party to make specific objections supported by a legal basis and prohibits merely referencing or refiling "the original brief submitted to the magistrate judge." The Court nonetheless has conducted a careful de novo review of the matter, *see* 28 U.S.C. § 636(b)(1), and concludes McKeown's motion to suppress should be denied for the reasons stated by the magistrate judge. Put simply, the officers had probable cause to stop the vehicle McKeown was in for a suspected traffic violation, and the stop, search, and arrest did not violate McKeown's constitutional rights. Accordingly,

IT IS ORDERED:
1. Defendant Dylan McKeown's perfunctory objection (Filing No. 38) is overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 37) is accepted.
3. McKeown's Motion to Suppress (Filing No. 18) is denied.

Dated this 21st day of January 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge